IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOUNTYNER ONTHA and NALY )
ONTHA, individually and as Natural )
Parents and next of kin of )
PHOUTTHASEN TOMMY ONTHA, )
)
    Plaintiffs, )
)
v. ) NO. 3:04-0222
) JUDGE HAYNES
RUTHERFORD COUNTY, )
TENNESSEE SHERIFF TRUMAN L. )
JONES, JR., individually and as Sheriff of )
Rutherford County, Tennessee; RICHARD )
M. EMSLIE, individually and as a Deputy )
of the Rutherford County, Tennessee )
Sheriff's Department, and RANDY D. )
MORROW, individually and as a Deputy )
of the Rutherford County, Tennessee, )
Sheriff's Department, )
)
    Defendants. )

# ORDER

    Plaintiffs, Bountyner Ontha and Naly Ontha, individually and as natural parents and next of kin to Phoutthasen Tommy Ontha filed this action, 42 U.S.C.§ 1983, against the Defendants: Truman L. Jones, Jr., Rutherford County Sheriff, Richard M. Emslie and Randy D. Morrow, deputies of the Rutherford County, Tennessee Sheriff's Department. Jones, Emslie and Morrow are sued in their individual and official capacities. Plaintiffs' claims arise out of the death of their son, Tommy Ontha, who was struck by a police vehicle that was driven by the Defendant Emslie. The tragic incident occurred based upon Emslie's mistaken identity of Tommy Ontha as Emslie was seeking to serve outstanding warrants on another individual.

    Before the Court are the Defendants' motion for summary judgment (Docket Entry No.

41) and the Defendants' motion to strike (Docket Entry Nos. 70 and 71). Plaintiffs have filed their responses. (Docket Entry Nos. 52, 53 and 54).

As to the Defendants' motion for summary judgment, from a review of the Plaintiffs' Response to Defendants' Statement of Undisputed Facts (Docket Entry No. 53), material factual disputes exist on the circumstances in which Defendant Emslie's vehicle struck the Plaintiff. The testimony of two eyewitnesses dispute Emslie's account and one witness described Emslie as using his vehicle to chase Tommy Ontha who was not fleeing. Id. ¶¶ 18, 21, 22, 23, 27, 28 and 32. Emslie eventually struck Tommy Ontha with his vehicle and also struck a telephone pole. Id. at ¶¶ 36, 37. Prior to that, an eyewitness described Emslie as accelerating his vehicle toward Ontha. Id. at ¶ 32. After Tommy Ontha who is Asian, was struck and lying on the ground, an officer grabbed him and stated "boy, can't you speak English?" Id. at ¶ 62.

In Brower v. County of Inyo, 489 U.S. 593, 597 (1989), in rejecting a per se rule that a police high speed automobile chase was a seizure for Fourth Amendment purposes, the Supreme Court stated that "If . . . the police cruiser had pulled along side the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom would have been a seizure." Earlier in Tennessee v. Garner, 471 U.S. 1, 7 (1985) the Supreme Court held that apprehending a suspect "by the use of deadly force is a seizure subject to the reasonableness requirements of the Fourth Amendment." In Galas v. McKee, 801 F.2d 200, 203 (6th Cir. 1986), the Sixth Circuit recognized that a vehicle has " the potential for being [a] deadly force." Robinette v Barnes, 854 F.2d 912 (6th Cir. 1988). Under Garner, deadly force can be used only if "the officer has probable cause to believe the suspect poses a threat of serious physical harm, either to the officers or others." 471 U.S. at 11. Moreover, Graham v. Connor, 490 U.S. 386, 395 (1989)

clearly established the right not to be free from excessive use of force.

The Court concludes that Plaintiffs' proof could establish a Fourth Amendment violation by Emslie and that material factual disputes about Emslie's use of his vehicle preclude on amount of summary judgment. The Court also concludes that the cited authorities preclude any finding of qualified immunity. See Harris v. Coweta County, Georgia, 406 F.3d 1307, 1320 (11th Cir. 2005). ("A reasonable police officer would have known in 2001 that a vehicle could be used to apply deadly force, could be used to effect a seizure, and that deadly force could not be used to apprehend a fleeing suspect unless the conditions set out in Garner existed").

Given the Defendant Jones' testimony, as Sheriff, that a vehicle can be used to stop a suspect, the Plaintiffs' proof is also sufficient to sustain a judgment against the County. In Marchese v. Lucas, 758 F.2d 181 (6th Cir. 1985), the Sixth Circuit ruled as to the relationship between a county and its sheriff.

> We believe that the relationship between the County and the Sheriff's Department is so close as to make the County liable for the Sheriff's failure to train and discipline his officers and his ratification of the use of wanton brutality by members of his force which we have spelled out above. Obviously this holding is consistent with and indeed compelled by the U.S. Supreme Court's decision in Brandon v. Holt, supra.

Id. at 189. The Court also found that where the sheriff was the "sole policymaker for the conduct of jail officials," to justify imposing liability against the county was proper. Heflin v. Stewart County, 958 F.2d 709, 716 (6th Cir.). The Court concludes, however, that with the County as a Defendant, the individual Defendants should remain in this action only in their individual capacities. See Robinette, 884 F.2d at 911, n.1.

The Court concludes that the Defendants' motions (Docket Entry Nos. 70 and 71) challenging Plaintiffs' experts who are law enforcement training officer and former law

3

enforcement officer shall be denied. These experts are qualified and their opinions on the unreasonableness of these officers' response in this situation is a proper fit under Kumho Tire Co. v. Carmichael, 526 U.S. 137, 188 (1999) and Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579 (1993). As to Plaintiffs' expert Wright who is also an accident reconstructionest, given that his opinion is based on specialized knowledge and his other opinions expressed in paragraphs 9 and 10 of his report, the Court concludes that Wright's testimony as a whole is admissible. An expert is not required to eliminate all causes of the cited injury. Nemir v. Mitsubishi Motor Corp., 381 F.3d 540, 553-54 (6th Cir. 2004). Absolute on near certainty is not required, Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1123 n.2 (10th Cir. 2004) and an expert's opinion based upon a reasonable likelihood . . . that his explanation is correct, is sufficient, Nemir, 381 F.3d at 554 (quoting Nemir v. Mitsubishi Motor Sales of Am., Inc., 6 Fed. Appx. 266, 275 (6th Cir. 2001) as is an opinion based upon a "more likely than not" basis. Freitas v. Michelin Tire Co., 20000 WL42224187 *3 (D. Conn. March 2, 2000).

For these reasons, the Defendants' motion for summary judgment (Docket Entry No. 41) is **DENIED**. The Defendants' motions to strike (Docket Entry Nos. 70 and 71) are **DENIED**. Within ten (10) days of this Order, counsel shall submit an Agreed Order with dates and time for the final pretrial conference and trial.

It is so **ORDERED**.

ENTERED this the 23rd day of August, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge

4